UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

URSULA McCOMAS,

    Plaintiff,

    v.

ONE WEST BANK, and EARL R. WALLACE,

    Defendants.

_____/

No. C 10-1891 PJH

**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff Ursula McComas filed this action on April 30, 2010, against defendants One West Bank and Earl R. Wallace (attorney for One West Bank), alleging claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq., and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq.; and also asserting common law claims including claims for fraud, negligence, unjust enrichment, quiet title, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress.  Although it provides no details of the loan transaction at issue, the complaint appears to be challenging a foreclosure action commenced by One West Bank, and involving plaintiff's property in Mill Valley, California ("the property").

On May 4, 2010, plaintiff filed an application for a temporary restraining order ("TRO").  In that application, plaintiff asserts that she will "suffer imminent and irreparable injury if [One West Bank] is not immediately restrained from securing a forcible detainer against [p]laintiff as the property will then have to sit empty until such time as the suit brought by [p]laintiff against defendant(s) is resolved."

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977); Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001).

A plaintiff seeking a preliminary injunction must establish that she is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008); see also Munaf v. Geren, 128 S.Ct. 2207, 2218-19 (2008).

Here, while plaintiff asserts in a conclusory manner that "[t]here is a substantial likelihood that [she] will prevail on the merits," she makes no showing whatsoever of likelihood of success as to any of the claims asserted in her complaint. Nor has she established irreparable harm.

From a review of the documents attached to plaintiff's TRO application, it appears that the property was already foreclosed upon, and was sold to One West Bank at a trustee's sale on February 8, 2010. It further appears that on March 24, 2010, One West Bank served plaintiff (who is still living in the property) with a three-day notice to quit, pursuant to California Code of Civil Procedure § 1162. One West Bank subsequently filed an unlawful detainer action in the Superior Court of California, County of Marin (One West Bank, FSB v. Ursula McComas, Case No. CIV 1001712). It is the progress of this unlawful detainer action that plaintiff now seeks to enjoin.

This court has no jurisdiction to order the Superior Court of California not to proceed with the pending unlawful detainer action. "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Plaintiff has made no showing that any of these three exceptions applies. Accordingly, the court cannot enjoin any unlawful detainer proceeding that may be proceeding in state court.

Moreover, under Younger v. Harris, 401 U.S. 37, 40-41 (1971), federal courts are required to abstain from granting injunctive or declaratory relief that would interfere with state judicial proceedings.  See San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1091-92 (9th Cir. 2008).  This requirement applies if four factors are met – (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves.  Id. at 1092 (citations omitted).

Here, according to plaintiff, the state-court action is ongoing.  As for the second requirement, unlawful detainer actions represent a sufficient state interest to warrant Younger abstention.  See, e.g., McGlothin v. Santos, 2008 WL 5135996, *5-6 (E.D. Cal., Dec. 8, 2008) ("[t]he state has an important and substantial interest in overseeing, managing and adjudicating housing related issues," citing Younger, and abstaining in a case that would interfere with a state court unlawful detainer action); see also Logan v. U.S. Bank Nat. Ass'n, 2010 WL 1444878, *3 (C.D. Cal., Apr. 12, 2010) (same).  As for the third requirement, plaintiff is not seeking to litigate any federal constitutional issues in this action.  Finally, as for the fourth requirement, the requested TRO would clearly interfere with the state proceeding.

Accordingly, the court finds that the TRO application must be DENIED.

**IT IS SO ORDERED.**

Dated: May 5, 2010

PHYLLIS J. HAMILTON
United States District Judge