UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

URSULA McCOMAS,

    Plaintiff,

    v.

ONE WEST BANK, et al.,

    Defendant.

_____/

No. C 10-1891 PJH

**ORDER OF DISMISSAL**

Plaintiff Ursula McComas filed this action on April 30, 2010, against defendants One West Bank and Earl R. Wallace,[1] alleging claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq., and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq.; along with numerous common law claims including fraud, negligence, unjust enrichment, quiet title, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress. Also on April 30, 2010, plaintiff filed a request for leave to proceed in forma pauperis ("IFP"). The court has reviewed the complaint, and finds that the action must be dismissed pursuant to 28 U.S.C. § 1915(e).

**DISCUSSION**

A.    Legal Standard

The court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is

---

[1] Mr. Wallace, who is alleged to be the attorney for defendant One West Bank, is not listed as a defendant in the caption of the case, but is identified as a defendant in ¶ 5 of the complaint.

unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). When a complaint is filed IFP, it must be dismissed prior to service of process if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from defendants who are immune from suit. 28 U.S.C. § 1915(e)(2); see also Franklin v. Murphy, 745 F.2d 1221, 1226-27 (9th Cir. 1984).

A complaint is frivolous for purposes of § 1915(e) if it lacks any arguable basis in fact or in law. Neitzke v. Williams, 490 U.S. 319, 328- 30 (1989). A complaint lacks an arguable basis in law only if controlling authority requires a finding that the facts alleged fail to establish an arguable legal claim. Guti v. INS, 908 F.2d 495, 496 (9th Cir. 1990).

When a complaint is dismissed under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissal of complaint as frivolous).

B.  Analysis

Although it is not entirely clear, the complaint appears to be challenging a foreclosure action involving certain real property located in Mill Valley, California ("the property"). However, the complaint does not provide any details of the loan at issue, including the date, the amount financed, or the identity of the lender. Moreover, although the only named defendants are One West Bank and Earl R. Wallace, the complaint also mentions unidentified "agent," "appraiser," "trustee," and "lender" defendants, and also refers generally to "defendants" or to "various lenders" and to "defendant MERS" (not otherwise identified as a defendant).

In addition, based on the papers plaintiff submitted on May 4, 2010 in support of her application for a temporary restraining order, it appears that the property was sold to One West Bank at a trustee's sale on February 8, 2010. In denying plaintiff's TRO application, the court determined that rather than seeking to prevent a foreclosure of the property, plaintiff was seeking to bring a halt to an unlawful detainer action filed against her in the Superior Court of California, County of Marin.

The court finds that the complaint must be DISMISSED for failure to state a claim. None of the causes of action are sufficiently pled as to any particular identified defendant, such that any defendant could frame a response.

The dismissal is WITH LEAVE TO AMEND.  In any amended complaint, plaintiff must provide details of the loan at issue (including the date of the loan); must clearly identify the defendants; and must, as to each separately pled cause of action, allege facts showing which acts by each specific defendant support that particular cause of action. Moreover, plaintiff must clarify whether the property has in fact been sold at a trustee's sale.  The court will not rule on the IFP request until plaintiff has filed a comprehensible complaint.

## CONCLUSION

In accordance with the foregoing, the complaint is DISMISSED.  Any amended complaint must be filed no later than June 14, 2010.  In the alternative, plaintiff may pay the filing fee, and serve defendants with the summons and complaint in accordance with Federal Rule of Civil Procedure 4.

**IT IS SO ORDERED.**

Dated:  May 12, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge